STAHL *v.* BELL.

1. CONFLICT OF LAWS—TORTS.

In action brought in one jurisdiction for tort committed in another, the *lex loci delicti* prevails as to the right of action.

2. TORTS—VIOLATION OF STATUTE—PROXIMATE CAUSE.

Violation of a statute creates no liability for an injury suffered by another unless such violation is in some material degree the proximate cause of the injury.

3. AUTOMOBILES—PROXIMATE CAUSE—VIOLATION OF STATUTE—EVIDENCE.

In action for damages arising from collision of plaintiffs' truck with rear end of defendant's truck in Indiana on a four-lane pavement shortly after midnight, direction of verdict against defendant in his cross-action for damages because his driver failed to comply with Indiana statute requiring him to extend his arm and move it up and down in order to signal his intention to stop or slow down *held,* error, where there is testimony that plaintiffs' driver could not have seen it anyway and question of proximate cause was then for jury under the evidence in both main suit and cross-action (Burns Indiana Statutes [1933], § 47–525).

4. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict against defendant in his cross-action against plaintiffs, testimony must be viewed in light most favorable to him.

Appeal from Berrien; White (Charles E.), J. Submitted April 16, 1936. (Docket No. 115, Calendar No. 38,831.) Decided June 11, 1936.

Case by Kenneth R. Stahl, May T. Stahl and Robert C. Stahl, doing business as Manufacturers' Freight Forwarding Company, against William E.

Bell, doing business as Midway Transit Company, for damages sustained in collision between trucks. Cross-action by defendant against plaintiffs for damages. Directed verdict and judgment for plaintiffs in defendant's cross-action. Verdict and judgment for plaintiffs. Defendant appeals. Reversed, with new trial.

*Charles W. Gore,* for plaintiffs.

*J. Tedford Hammond,* for defendants.

BUTZEL, J. The trucks of the respective parties to this action were damaged in a collision which occurred between 12 midnight and 12:30 a. m. on June 8, 1934, in the State of Indiana. The trucks were being driven on the outer of the four lanes of US-12, at a speed of from 25 to 30 miles per hour, defendant's truck preceding that of plaintiffs by some 150 to 200 feet. When about four miles from Michigan City, Indiana, the driver of defendant's truck went past a wide cross road into which he intended to turn. Upon realizing his mistake, he slowed down or stopped immediately thereafter. The operator of plaintiffs' truck, who was coming along the same lane of traffic, stated that he glanced up the side road to see whether there were any approaching cars, and when he again looked onto the main road it was too late to prevent his truck from running into defendant's truck. On suit brought by plaintiffs, defendant filed a cross-declaration, each party denying liability and seeking damages from the other. The trial judge directed a verdict against defendant on his cross-declaration solely because the driver of his truck, on stopping or slowing down, failed to put out his arm in a

horizontal direction and move it up and down in order to signal his intention to stop or slow down, a duty required under the motor vehicle law of Indiana (8 Burns Indiana Stat. [1933] § 47–525, p. 646). The trial judge held that such failure was negligence *per se* and barred defendant's cross-claim. He left for the consideration of the jury plaintiffs' claim against defendant, charging them that as defendant was guilty of negligence as a matter of law, the only question before them was whether plaintiffs were guilty of contributory negligence. The jury rendered a verdict against defendant.

In an action brought in one jurisdiction for a tort committed in another, the *lex loci delicti* prevails as to the right of action. *Perkins* v. *Great Central Transport Corp.,* 262 Mich. 616. The Indiana law does not differ from that of Michigan in holding that the violation of a statute creates no liability for an injury suffered by another unless such violation was in some material degree the proximate cause of the injury. *Prest-O-Lite Co.* v. *Skeel,* 182 Ind. 593 (106 N. E. 365, Ann. Cas. 1917 A, 474); *Cleveland, C., C. & St. L. R. Co.* v. *Tauer,* 176 Ind. 621 (96 N. E. 758, 39 L. R. A. [N. S.] 20).

A witness for defendant on cross-examination gave the following testimony in regard to the accident:

"*Q.* Could a person in the rear see a person's arm or hand if he stuck it out?
"*A.* Not at night; no, sir.
"*Q.* Could he see it in the daytime?
"*A.* Yes, sir.
"*Q.* Why couldn't he see it in the night if his lights were burning?
"*A.* I don't know."

If this testimony be true, extending the arm and signaling would have been an idle gesture and the failure to perform this statutory requirement would not be the proximate cause of the accident. One of defendant's witnesses testified that immediately after the accident, plaintiffs' driver stated he did not know how it occurred and that he must have been asleep. Another witness also stated that plaintiffs' driver admitted immediately after the accident that he did not see the defendant's truck and did not know how the accident occurred. Although plaintiffs' driver denied making such admissions, a question for the jury was raised. The trial judge erroneously took this question of proximate causation of defendant's negligence from the jury in the main suit. As he directed a verdict against defendant on his cross-declaration, we must look at the testimony in the most favorable light in favor of the defendant. There was testimony showing that the driver's failure to observe the statute was not the proximate cause of the accident and the action of the judge in foreclosing the consideration of this question by the jury was error. It affected defendant's claims in the main suit as well as in his cross-declaration.

The entire judgment is therefore reversed, with costs to defendant. The case is remanded for a new trial.

North, C. J., and Fead, Wiest, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.