GARVIT v. KREBS.

1. TRIAL—DIRECTED VERDICT—EVIDENCE.
   The testimony must be considered in the light most favorable to a plaintiff, in passing on a defendant's motion for a directed verdict.

2. AUTOMOBILES—INTERSECTIONS—RIGHT-OF-WAY—NEGLIGENCE.
   A motorist having the right-of-way at an intersection is not relieved from the duty to use reasonable care under the circumstances.

3. SAME—INTERSECTIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
   Questions of negligence of eastbound defendant motorist and contributory negligence of northbound plaintiff motorist were properly left to jury, where it appears latter had stopped before entering intersection of the 2 country roads, neither of which was a preferred highway, started across while defendant was 300' away and approaching at estimated speed of 30 to 35 miles an hour, and although plaintiff shifted to second gear defendant collided with her machine without having seen it.

4. SAME—INTERSECTIONS—ERRONEOUS GRATUITOUS CHARGE AS TO EMERGENCY DOCTRINE.
   Injection into case of a foreign issue by charge to jury about the emergency doctrine, correct in that it stated that one in sudden peril need not act with the very best judgment, but failing to state qualification that the situation must be one not brought about by the plaintiff's own negligence, constituted

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 349.
[2] 5 Am Jur, Automobiles § 298.
[2] Duty of one having right-of-way to use due care.  21 ALR 988; 37 ALR 509; 47 ALR 613.
[3] 5 Am Jur, Automobiles §§ 692, 715.
[4] 5 Am Jur, Automobiles § 171.
[4] "Emergency rule" as applied to automobile or motorcycle drivers.  6 ALR 680; 27 ALR 1197; 79 ALR 1277.

reversible error, where given without having been requested by either party to action arising out of collision at intersection of country roads, neither of which was a preferred highway.

Appeals from Livingston; Lyons (Willis L.), J. Submitted June 4, 1953. (Docket Nos. 43, 44, Calendar Nos. 45,854, 45,855.) Decided November 27, 1953.

Separate actions of case by Jean Garvit and Richard Garvit against Walter L. Krebs for damages arising out of automobile accident. Cases consolidated. Verdicts and judgments for plaintiffs. Remittitur filed. Defendant appeals. Reversed and new trials granted.

*Van Winkle & Van Winkle,* for plaintiffs.

*Ballard, Jennings, Fraser & Parsons* and *Francis E. Barron (Everett R. Trebilcock,* of counsel), for defendant.

BUSHNELL, J. These two cases, which were consolidated for trial, arise out of an intersection collision at the junction of Cemetery and Sergeant roads in Handy township, Livingston county. In the first case, plaintiff Jean Garvit, a 36-year-old farm housewife, who lives 300 or 400 north of the intersection, sought damages for the injuries she sustained and obtained a verdict at the hands of the jury in the sum of $10,000. A remittitur was ordered of $2,500, and the judgment entered was $7,500. In the second case, Richard Garvit, the husband of plaintiff in the first case, obtained a verdict in the sum of $2,515.50, a judgment being entered in this amount for his expenses and loss of services.

About 9 o'clock in the morning of September 25, 1951, Mrs. Garvit was driving her husband's automobile north on Cemetery road after having taken

her children to school. At the same time defendant Walter L. Krebs, who lives about 2 miles west and north of the intersection, was driving his car east on Sergeant road to his father's farm about 1/2 mile east of Cemetery road. These 2 gravel roads, 18 feet in width, are of equal rank, and there are no stop signs on any corner of the intersection. The southwest corner is covered by brush and trees to a point where visibility is obstructed for about 600 feet. There is a clover field on the southeast corner, a farmhouse on the northeast corner, and a corn field on the northwest corner. As Mrs. Garvit approached Sergeant road she was looking for mushrooms and traveling in low gear. She stopped about 600 feet south of the intersection and then proceeded at about 10 miles per hour, looked to the east, saw no approaching vehicle, proceeded to edge forward until she could look to the west, stopped her car about 5 feet south of the crossroad and saw Krebs approaching from the west at an estimated distance of 300 feet. She recognized the driver in the car, which was then straddling the center of the road. She estimated his speed at 30 to 35 miles an hour and, feeling she had ample time to cross, proceeded in low gear. When she saw that Krebs was not going to stop and was looking at the corn field at the northwest corner, she shifted into second gear but was unsuccessful in avoiding the collision. She testified that while she was lying in the ditch in the northeast corner under the wheel of her car, Krebs ran up and said: "Oh, my God, Jean, I didn't even see you."

Appellant Krebs claims that under the facts plaintiff failed to show freedom from contributory negligence and that the trial judge erred in denying a motion for directed verdicts and subsequent motions for new trials. He argues that the verdicts are contrary to the great weight of the evidence, claims

error in the trial judge's refusal to give certain requests to charge and prejudicial and reversible error in the court's charge on the emergency doctrine, which charge was not sought by either party. It is unnecessary to review some of the questions or to dwell upon authorities, that on a motion for a directed verdict the testimony must be considered in the light most favorable to plaintiffs; that one having the right-of-way is not relieved from the duty to use reasonable care under the circumstances; that intersection cases are to be considered on their own merits; and that, under the circumstances of this case, the questions of negligence and contributory negligence are ordinarily for the jury.

This is a case where the testimony shows that defendant was driving along a country road looking at the crops and fields nearby, and not paying too much attention to the approaching intersection. Plaintiff observed defendant's approach, made an estimate as to his speed and distance, and proceeded to cross as she thought she could safely do. The testimony shows that the defendant never looked but continued at the same high rate of speed, and collided with plaintiff's car. In a situation such as this, reasonable minds could differ and the questions of negligence were properly submitted to the jury. No questions are raised as to the amount of the damages or the extent of plaintiff's injuries.

It is unfortunate that a case containing circumstances such as these must be sent back for a new trial, but the prejudicial error involved in the court's gratuitous charge about the emergency doctrine, although but a brief paragraph, that could as well have aided defendant as plaintiff, is nevertheless too persuasive on the minds of the jury to go unchallenged. The trial judge charged as follows:

· "I further charge you that when a person or 2 persons are suddenly confronted with risk of collision, each has the right in order to avoid a collision to act upon the facts as they appear to them at the time. They are not bound to act in the very best manner possible under the circumstances, or as it may appear to others afterwards, they should have acted, but they are to act upon their best judgment under all the circumstances. It is the duty of both to do what they reasonably can to prevent damage, but neither is bound to exercise the very best judgment, but they are bound to exercise such judgment as the circumstances appeared to them to require, and each is excused from failure to take the very best course."

This improper statement of the applicable law sets up a subjective standard of due care contrary to the established law in negligence cases. It is true that one in sudden peril need not act with the very best judgment, and to that extent the charge was correct. However, the qualification on that doctrine must be stated if such a charge is given. That qualification is that the situation must be one not brought about by the plaintiff's own negligence.

We said in *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich 528, 546:

"In view of the conflicting testimony as to how and why the accident happened, the jury should have been told that plaintiff was not entitled to the benefit of the emergency doctrine if his negligence contributed to or brought about the sudden peril by which it claims its driver was confronted. Under the holdings of this court in *Walker* v. *Rebeuhr,* 255 Mich 204; *Lagassee* v. *Quick,* 273 Mich 295, and other decisions of like import, we think that the failure to state the rule in such manner as to embody the necessary qualifications was erroneous."

This rule has been stated in 38 Am Jur, p 876, § 194, as follows:

"Of course, the presence of sudden peril will not excuse all errors of judgment and all omissions to act; such diligence must be exercised as the circumstances permit, the standard of care being that of a person of ordinary prudence when confronted with the same situation."

In addition to the charge not being properly limited in its application, the charge itself injected a foreign issue into the case. It thus furnished ground for reversible error. *Kerns* v. *Lewis,* 246 Mich 423, 427; *Herzberg* v. *Knight,* 289 Mich 29, 32.

In view of the possibility that the jury might have been misled on this point, the judgments are reversed and new trials are ordered. Costs to defendant.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.