HAYNES *v.* SEILER

1. Evidence—Impeachment of Own Witness—Prior Inconsistent Statement—Admissibility.

   A party may not impeach his own witness by prior inconsistent statements, but may refer to a witness' prior statement on direct examination if the witness acknowledges the prior statement, either to refresh the witness' memory or to induce an explanation of an apparent inconsistency.

2. Depositions—Admissibility—Exclusion—Prejudicial Error.

   An adverse party's deposition may be used for any purpose, but it is not prejudicial error to prevent plaintiff's counsel from reading defendant's deposition to the jury where defendant's trial testimony was consistent with the content of the deposition (GCR 1963, 302.4[2]).

3. Negligence—Violation of Statute—Proximate Cause—Burden of Proof.

   A violation of a statute does not establish negligence as a matter of law unless the violation is shown to be a proximate cause of the accident; therefore where plaintiffs violated the assured clear distance ahead statute by hitting a stopped car, but this violation did not contribute to or cause a collision between plaintiff's and defendant a short time later it is error to instruct the jury as to plaintiff's contributory negligence in violating the assured clear distance ahead statute (CLS 1961, § 257.627).

---

References for Points in Headnotes

[1] 58 Am Jur, Witnesses § 798 *et seq.*
[2] 23 Am Jur 2d, Depositions and Discovery §§ 104–106.
[3] 38 Am Jur, Negligence § 166.
[4] 53 Am Jur, Trial § 668 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 789.

4. TRIAL—INSTRUCTIONS TO JURY—EVIDENCE.

   A jury instruction on contributory negligence in an automobile
   accident case concerning plaintiff's failure to give an adequate
   signal on stopping would be erroneous if there were evidence
   which indicated defendant could not have seen the signal if
   given but in the absence of such evidence it cannot be said
   that the instruction was erroneous (CLS 1961, § 257.648).

5. APPEAL AND ERROR—MULTIPLE ERROR—PREJUDICIAL ERROR.

   Individual error may not establish prejudice, but where in com-
   bination the cumulative effect of error is substantial preju-
   dice, a reversal is necessary.

Appeal from Ingham, Louis E. Coash, J. Sub-
mitted Division 2 January 8, 1969, at Lansing.
(Docket No. 4,700.)   Decided February 25, 1969.
Leave to appeal denied May 16, 1969.  See 382 Mich
754.

Complaint by George W. Haynes and Loretta
Haynes against Beatrice L. Seiler and Ford Motor
Company for automobile negligence.  Verdict and
judgment for defendants.  Plaintiffs appeal.  Re-
versed.

*Farhat, Burns, Treleaven & Luoma,* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster* (*Eugene F.
Townsend, Jr.,* of counsel), for defendant.

BEFORE: QUINN, P. J., and McGREGOR and V. J.
BRENNAN, JJ.

McGREGOR, J.   The present controversy arose
from a four-car rear-end collision involving plain-
tiffs in the third car and defendant Seiler in the
fourth.  The first and second cars stopped beyond
the crest of a hill, the first preparing to turn left.
Shortly after plaintiffs collided with the stationary
cars, the vehicle owned by defendant Ford Motor

Company and operated by defendant Seiler struck the rear of plaintiffs' vehicle. Plaintiffs' circuit court action for damages against defendant ended in a jury verdict of, no cause of action. Alleged procedural errors during the trial provide the basis for the issues raised on appeal.

The first issue is whether the lower court erred by not allowing counsel for plaintiffs to pose leading questions to their witness, whose testimony contradicted a post-accident statement.

During the trial, plaintiffs called an occupant of the second car, but the witness's testimony was inconsistent with her statement made within a few days after the accident. After the witness reread her previous statement, counsel attempted to examine the witness with leading questions, but the court sustained defendants' objection. Plaintiffs contend that they should have been allowed to examine the witness concerning her prior inconsistent statement in order to refresh her memory. Defendants argue that the introduction of a prior inconsistent statement would violate the principle prohibiting a party from impeaching its own witnesses.

Michigan law prohibits impeachment of a party's witnesses by prior inconsistent statements. *Higdon* v. *Kelley* (1954), 339 Mich 209; *Thelen* v. *Mutual Benefit Health & Accident Ass'n* (1942), 304 Mich 17; *Farthing* v. *Hepinstall* (1928), 243 Mich 380. However, the *Higdon* decision included the following language:

"This Court has held that prior statements may not be used when the sole purpose in their use is to impeach the credibility of a party's own witness. See *Farthing* v. *Hepinstall*, 243 Mich 380. But when the purpose of referring to the prior statement is to refresh the memory of a witness or to induce the witness to explain an apparent inconsistency, the

prior statement may be referred to during direct examination." (p 219)

From other included language, the *Higdon* decision established the principle that on direct examination, a party may refer to a witness's prior statement either to refresh the witness's memory or to induce an explanation of an apparent inconsistency, *if the witness acknowledges the prior statement.* (Emphasis supplied.) The witness in the instant matter acknowledged her prior statement and thus the court erred by preventing examination by plaintiffs' counsel into the apparent inconsistency.

The second issue raised is whether the court erred by not allowing the plaintiffs to read to the jury a pretrial deposition of defendant Seiler previously introduced in evidence. Plaintiffs contend the court denied them the operation of GCR 1963, 302.4(2) which allows an adverse party to use a deposition "for any purpose." Defendants reply that Seiler's testimony in court did not vary from her deposition and plaintiffs could have referred to or read from the deposition during the trial.

A deposition admitted in evidence presumptively contains admissible material and therefore, under the broad language of GCR 1963, 302.4(2), the court erred by preventing plaintiffs' counsel from reading the deposition to the jury. However, the error, individually, was not tantamount to reversible prejudice because the content of defendant Seiler's trial testimony was not inconsistent with the content of the deposition.

The third issue is whether the court erred by instructing the jury that they could find plaintiffs violated the assured clear distance ahead statute, CLS 1961, § 257.627 (Stat Ann 1968 Rev § 9.2327). Defendants' vehicle struck plaintiffs' vehicle from behind and therefore plaintiffs contend the instruc-

tion was erroneous. Although violation of the statute is negligence as a matter of law, they argue a violation must be a proximate cause of the accident to permit an instruction. Defendants respond that plaintiffs precluded argument on this issue by failing to object to the instruction as required by GCR 1963, 516.2. Furthermore, defendants argue, the court left the application of the statute to the jury and the violation establishes plaintiffs' contributory negligence.

The jury instructions contain an erroneous recitation of two statutes under one citation, and plaintiffs' counsel objected to the instruction in substantial compliance with the court rule. Thus, plaintiffs preserved the issue for appeal.

A violation of a statute does not establish negligence as a matter of law unless the violation is shown to be a proximate cause of the accident. *Vaas* v. *Schrotenboer* (1951), 329 Mich 642; *Holmes* v. *Merson* (1938), 285 Mich 136; *Spencer* v. *Phillips & Taylor* (1922), 219 Mich 353; *Hackley Union National Bank & Trust Company* v. *Warren Radio Company* (1966), 5 Mich App 64, 73. Plaintiffs' violation of the statute did not contribute to or cause the collision concerned in this appeal, and therefore we find the court erred in its instruction relative to plaintiffs and the distance ahead statute.

The final issue raised is whether the court erred by instructing the jury concerning plaintiffs' alleged failure to give an adequate signal on stopping. CLS 1961, § 257.648 (Stat Ann 1968 Rev § 9.2348). Plaintiffs argue that the facts indicate that a failure by plaintiffs to signal properly was not a proximate cause of the accident and thus should not have been considered by the jury. Defendants contend that although the stopped cars were beyond a crest in the road, Seiler would have observed plaintiffs' brake

lights, and furthermore that proximate cause is a jury question.

Defendant Seiler testified that she became aware of the stopped vehicles as she came over the crest of the hill. However, the record does not clearly disclose that the hill blocked her view of plaintiffs' brake lights after she could see the upper portion of the stopped cars. Although an instruction on the failure to give a signal is not justified where the evidence indicates a signal would not have been seen, *Crookshank* v. *Henry Vroom & Son, Inc.* (1936), 277 Mich 672, the record does not clearly demonstrate the plaintiffs' signal would not have been seen. Thus, we are unable to determine whether the instruction was or was not in error.

The ultimate question posed by this appeal is whether the errors committed by the lower court effected prejudice to plaintiffs' cause of action. Although individual errors may not establish prejudice, they may, in combination, equal substantial prejudice, impelling a reversal.

"Although one of several incidents or errors, standing alone, may be disregarded as harmless error, it is still possible that when considered *in toto* they accumulate such a cumulative prejudice that they may require a reversal." 5 Am Jur 2d, Appeal and Error, § 789.

The errors committed were not of a kind that shock the judiciary, but in our opinion, their cumulative effect was prejudicial to plaintiffs.

The third ruling, the instruction that the jury could find plaintiffs in violation of the assured clear distance ahead statute, was particularly damaging because it lessened defendants' burden. With the instruction defendants could negate plaintiffs' damage claim by convincing the jury that plaintiffs failed to stop in the assured clear distance ahead,

and thus were contributorily negligent. However, plaintiffs' statutory negligence did not contribute to the subject of this appeal, the collision between defendants' vehicle and plaintiffs' stopped vehicle. Without the instruction, defendants would have had a greater burden of establishing the doctrine of emergency to rebut the violation of the assured clear distance ahead statute. Therefore, we find the instruction was prejudicial to plaintiffs' cause, and with the other errors, established a cumulative effect of reversible prejudice.

Reversed. Costs to appellants.

All concurred.