MENTEL v MONROE PUBLIC SCHOOLS

1. AUTOMOBILES—FUNERAL PROCESSION—RIGHT OF WAY—PLACE OF BURIAL.

The statute giving a funeral procession the right of way only "when going to any place of burial" extends to a procession from a funeral home to a church where a funeral service is to be conducted; "burial" not only means "interment", but also refers to "the act or ceremony of burying" (MCLA 257.654).

2. AUTOMOBILES—INCONSISTENT STATUTES—FUNERAL PROCESSION—RIGHT OF WAY.

A special regulation relating to motor vehicles will prevail over a general one relating thereto in a case of an inconsistency between them; the statute giving a funeral procession the right of way when going to any place of burial prevails over the general statute regulating traffic by traffic-control device (MCLA 257.611; 257.654).

3. AUTOMOBILES—NEGLIGENCE—FUNERAL PROCESSION.

A trial court erred in ruling that plaintiff was negligent as a matter of law and in granting a directed verdict for the defendant where the plaintiff was in a funeral procession going from a funeral home to a church where a service was to be held, the first cars in the procession entered an intersection on a green light, and plaintiff entered the intersection on a red light and struck defendant's bus; the statute granting the right of way to a funeral procession was applicable (MCLA 257.654).

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 March 13, 1973, at Detroit. (Docket No. 14645.) Decided May 24, 1973.

Complaint by Rosemary L. Mentel against the Monroe Public Schools and Jay S. Peters for damages for injuries sustained in an automobile acci-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 7 Am Jur 2d, Automobiles and Highway Traffic § 198.

dent. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Maile, Leach & Schreier,* for the plaintiff.

*William J. Braunlich, Jr.,* for the defendants.

*Amicus Curiae: Clark, Klein, Winter, Parsons & Prewitt* (by *H. William Butler* and *Pamela J. Liggett).*

Before: FITZGERALD, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. Plaintiff was operating her automobile as a part of a funeral procession when she sustained injuries as a result of a collision with defendant's bus. The procession was proceeding from a funeral home to a church at the time of the accident; from the church, they were to proceed to a cemetery. The first several vehicles of the procession entered an intersection on a green light; plaintiff entered the intersection on a red light and struck defendant's bus. Plaintiff appeals from the trial court's grant of a directed verdict on behalf of the defendant.

The trial court based its directed verdict on two grounds, both of which are challenged by the plaintiff. The first ground is that the plaintiff was negligent as a matter of law by entering the intersection against the traffic light because the statute gives a funeral procession the right of way only "when going to any place of burial". MCLA 257.654; MSA 9.2354.

We disagree. "Burial" not only means "interment", but also refers to "the act or ceremony of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

burying".[1] A church where a funeral service is to be conducted is therefore a "place of burial" within the meaning of the statute.

Defendant also urged, and the trial court ruled, that plaintiff was negligent as a matter of law because the funeral right of way statute[2] has no application at an intersection controlled by a traffic-control device[3] again, we must disagree. A "traffic-control device" refers to anything from a yield sign to a stop light.[4] To read the statute as the defendant and trial court do would be to make it applicable only at unmarked intersections; we feel such a reading unnecessarily restrictive. Furthermore, "In case of an inconsistency between them a special regulation relating to motor vehicles will prevail over a general one relating thereto." 60 CJS Motor Vehicles, § 23, p 192. See also *Linski v Employment Security Commission,* 358 Mich 239 (1959).

The trial court erred by ruling plaintiff was

---

[1] Webster's Third New International Dictionary, (1964).

[2] "(a) Each motor vehicle forming part of a funeral procession when going to any place of burial shall have the right of way over all other vehicles except fire apparatus, ambulances and police patrol vehicles, at any street or highway intersection within this state if such vehicle in such funeral procession shall have displayed a flag which shall be white in color, and upon which shall be printed, stamped or stained a purple cross or the star of David. In addition, the lead vehicle and the last vehicle in the funeral procession may carry an additional flag. After January 1, 1962, such flags shall contain no names embossed or printed thereon, except the word 'funeral' which may so appear.

"(b) Any person passing through a funeral procession of motor vehicles, designated as aforesaid with a vehicle of any kind, shall be guilty of a misdemeanor." MCLA 257.654; MSA 9.2354.

[3] "No driver of a vehicle or motorman of a street car shall disobey the instructions of any traffic-control device placed in accordance with the provisions of this chapter unless at the time otherwise directed by a police officer." MCLA 257.611; MSA 9.2311.

[4] The statutory definition is: " 'Traffic control devices' means all signs, signals, markings, and devices not inconsistent with this act placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning or guiding traffic." MCLA 257.70; MSA 9.1870.

negligent as a matter of law. The statute granting the right of way to a funeral procession was applicable to the facts of this case. However, the fact that she apparently had the right of way does not absolve her from all duty of care. *Garvit v Krebs,* 338 Mich 256 (1953).

Reversed and remanded.

All concurred.