McCLURE v DUKES

1. Negligence—Automobiles—Funeral Processions—Right of Way—Statutes.

A driver of an automobile in a funeral procession, who enters an intersection controlled by a traffic signal against a red light, is not negligent as a matter of law; the statute granting the right of way to a funeral procession prevails over the general statute regulating traffic by traffic-control device (MCLA 257.654).

2. Negligence—Automobiles—Right of Way—Reasonable Care.

A defendant driver is required to use reasonable care under the circumstances and is not absolved from all duty of care by a statute which confers the right of way.

3. Appeal and Error—Judgment Notwithstanding Verdict—Jury Question—Negligence.

A reviewing court, in determining whether a motion for judgment notwithstanding the verdict was properly granted or denied, is required to view the facts and all legitimate inferences therefrom in the light most favorable to the party opposing the motion; the question is for the jury if, after viewing the facts in this fashion, reasonable men could differ as to the negligence of the defendant.

4. Appeal and Error—Instructions to Jury—Objection—Court Rules.

An appellate court is precluded, in the absence of manifest injustice, from considering a claim that a trial court erred in its instructions to the jury where no objection was raised at trial (GCR 1963, 516.2).

References for Points in Headnotes
[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 198.
    Liability for injury or damages resulting from operation of vehicle in funeral procession or in procession which is claimed to have such legal status. 85 ALR2d 692.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 198 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error §§ 608, 886.
[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
    75 Am Jur 2d, Trial §§ 906, 909.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 January 7, 1975, at Grand Rapids. (Docket No. 19881.) Decided May 29, 1975. Leave to appeal denied, 394 Mich 844.

Complaint by Lora McClure against Marian Almeda Dukes for damages arising out of an automobile accident. Judgment for defendant. Plantiff appeals. Affirmed.

*McCroskey, Libner, Van Leuven, Kortering, Cochrane & Brock, P. C.,* for plaintiff.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK, JR. and J. H. GILLIS, JJ.

V. J. BRENNAN, P. J. Plaintiff, Lora McClure, brought this action to recover damages for injuries she allegedly suffered as a result of an automobile accident which occurred between the car in which she was riding and that driven by the defendant. The case was tried before a jury who returned a verdict of no cause of action in favor of defendant. A judgment to this effect was entered by the trial judge and plaintiff's motions for judgment notwithstanding the verdict or, in the alternative, for a new trial were denied. Plaintiff now appeals.

Plaintiff first contends that the funeral right-of-way statute, MCLA 257.654; MSA 9.2354, does not apply to an intersection controlled by a traffic signal. She argues that the driver of an automobile, which is part of a funeral procession, who enters an intersection controlled by a traffic signal against the red light is negligent as a matter of

law. We disagree. This precise issue was considered and rejected by this Court in *Mentel v Monroe Public Schools,* 47 Mich App 467; 209 NW2d 506 (1973), wherein it was said:

"Defendant also urged, and the trial court ruled, that plaintiff was negligent as a matter of law because the funeral right of way statute has no application at an intersection controlled by a traffic-control device again, we must disagree. A 'traffic-control device' refers to anything from a yield sign to a stop light. To read the statute as the defendant and trial court do would be to make it applicable only at unmarked intersections; we feel such a reading unnecessarily restrictive.

\* \* \*

"The trial court erred by ruling plaintiff was negligent as a matter of law. The statute granting the right of way to a funeral procession was applicable to the facts of this case. However, the fact that she apparently had the right of way does not absolve her from all duty of care. *Garvit v Krebs,* 338 Mich 256 [61 NW2d 58] (1953)." *Mentel v Monroe Public Schools, supra,* at 469–470; 209 NW2d at 507 (footnotes omitted).

Plaintiff's argument in this regard, therefore, is without merit.

As is apparent from the above quotation, however, the right of way conferred by MCLA 257.654; MSA 9.2354 does not absolve defendant from all duty of care. Even though defendant had the right of way, she was required to use reasonable care under the circumstances. *Garvit v Krebs,* 338 Mich 256; 61 NW2d 58 (1953). In this regard, plaintiff next contends that the facts presented below clearly established defendant's negligence and argues, in effect, that the trial judge erred in failing to grant her motion for judgment notwithstanding the verdict (GCR 1963, 515.2) or her alternative motion for a new trial because the jury's verdict

was against the great weight of the evidence (GCR 1963, 527.1).

In determining whether a trial judge properly granted or denied a motion for judgment notwithstanding the verdict, a reviewing court is required to view the facts and all legitimate inferences therefrom in the light most favorable to the party opposing the motion. *Michigan Mutual Liability Co v Staal Buick, Inc,* 41 Mich App 625; 200 NW2d 726 (1972), *Mackey v Island of Bob-Lo Co,* 39 Mich App 64; 197 NW2d 151 (1972). If, after viewing the facts in this fashion, reasonable men could differ as to the negligence of the defendant then the question is properly one for the jury. *Sparks v Luplow,* 372 Mich 198; 125 NW2d 304 (1963), *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223; 123 NW2d 768 (1963).

The evidence presented in this case, when reviewed in the light most favorable to defendant, shows that on September 6, 1972, plaintiff, a passenger in a car driven by her daughter-in-law, was involved in an automobile accident with defendant at an intersection controlled by a traffic signal located near Muskegon, Michigan. The car driven by defendant was part of a funeral procession travelling from a funeral home in Muskegon to a cemetery outside the city. Defendant's automobile, which was next to last in the funeral procession, had a funeral flag on it and its headlights turned on. On several occasions, the funeral procession, as it proceeded along its route, went through red lights and stop signs. When the funeral procession arrived at the intersection involved in this dispute, the traffic light was green. As the funeral procession proceeded through the intersection the traffic light turned from green to red, thereby requiring traffic proceeding in the direction of the funeral

procession to stop. After the light turned red, several of the cars which were in the funeral procession proceeded through the intersection prior to defendant doing so. Defendant, who was one car length behind the car in front of her, then proceeded into the intersection without observing any approaching traffic. She testified she was intent on staying in line and following the car in front of her. When defendant was midway through the intersection the collision occurred, resulting in severe injuries to plaintiff. The geographical area at the site of the collision was described by the investigating officer as flat, with no visibility impediments.

The question becomes, therefore, whether, on the above facts, the trial judge erred in denying plaintiff's motion. We hold that he did not. Viewing the evidence in this case in the light most favorable to the defendant, we hold that the question of defendant's negligence was properly one for the jury. On the above facts, reasonable minds could have differed as to whether the fact that defendant concentrated on maintaining her position in line so as to prevent the funeral procession from becoming fragmented at an intersection was reasonable under the circumstances here presented. We find no error.

Similarly, we find no error in the trial judge's decision to deny plaintiff's motion for a new trial. The facts which would have justified granting this motion were in dispute and the jury, which was properly apprised of the applicable law, obviously resolved the conflict in favor of defendant. The jury's verdict is supportable upon the evidence presented at trial and we are not about to substitute our judgment for theirs.

Plaintiff next argues that the trial judge erred

in his instructions to the jury. No objection, however, was raised to the complained-of portion of the jury instructions. Absent manifest injustice, therefore, we are precluded from considering this claim for the first time on appeal. *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965), *Price v Manistique Schools,* 54 Mich App 127; 220 NW2d 325 (1974), GCR 1963, 516.2. We have reviewed the trial judge's instructions and find no such injustice. The instructions were not unfair and, as stated earlier, apprised the jury of the applicable law.

Finally, we have considered plaintiff's remaining assignment of error and find ourselves unable to say that reversible error here occurred. *Cf. Haynes v Seiler,* 16 Mich App 98; 167 NW2d 819 (1969), *lv den,* 382 Mich 754 (1969).

Affirmed.