*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIE KLINE,

      Plaintiff-Appellant,

v

MASON PILACZYNSKI,

      Defendant-Appellee,

and

JEFFREY RYAN HILDEN,

      Defendant.

UNPUBLISHED
October 16, 2025
2:12 PM

No. 374433
Jackson Circuit Court
LC No. 2022-004027-NF

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff Julie Kline sued defendant Mason Pilaczynski for negligence after a vehicle driven by Pilaczynski collided with the van in which Kline was a passenger. The trial court granted summary disposition in Pilaczynski's favor, concluding that Kline failed to establish a genuine issue of material fact as to breach or causation. The undisputed record shows that Pilaczynski had the right-of-way, was attentive, and was not speeding, while the collision was caused by the van driver's failure to stop at a stop sign. Because Kline failed to establish a genuine issue of material fact as to breach or causation, summary disposition was proper, and we affirm.

## I. BACKGROUND

This case arises from a collision that occurred around 4:15 a.m. on October 9, 2022, at the intersection of Portage Road and Lee Road in Leoni, Michigan. Kline was riding as a passenger in a van driven by Jeffrey Hilden, who was traveling north on Portage Road when he failed to stop at the stop sign at Lee Road. Pilaczynski, traveling east on Lee Road with the right-of-way, struck Hilden's van as it entered the intersection, injuring multiple passengers, including Kline. According to the crash report, Hilden admitted to responding officers that because his van did not

-1-

drive well in low gears, "he was intentionally running stop signs at intersections to prevent the van from going into lower gears" and "turning off his headlights . . . at the intersections so he could see any potential headlights from cross traffic."

At the time of the collision, Pilaczynski was 16 years old and held a graduated driver's permit issued by the Commonwealth of Kentucky, where he had lived until moving to Michigan five months earlier. He acknowledged that he was driving after midnight and carrying multiple nonrelative passengers under 20, conduct that violated the terms of his permit. He was not cited or charged in connection with the accident. Hilden, however, was charged with reckless driving causing serious impairment of a body function, MCL 257.626(3), and a moving violation causing serious impairment of a body function, MCL 257.601d(2).

Kline later filed a negligence complaint against Pilaczynski, alleging that he breached multiple duties of care, including duties to: (1) operate his vehicle "in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1)"; (2) avoid operating his vehicle "carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(2)"; (3) keep his vehicle constantly under control; (4) attempt to stop or yield when he knew that failure to do so was likely to result in injury to Kline; (5) observe the roadway for oncoming traffic; and (6) "come to a full stop before entering the roadway from a private road or driveway and to yield to all approaching vehicles, MCL 257.652."[1] In his answer, Pilaczynski denied the substantive allegations and raised affirmative defenses, asserting that he did not operate his vehicle negligently and that the accident was caused by Hilden's negligence.

Pilaczynski moved for summary disposition under MCR 2.116(C)(10), contending that the undisputed evidence showed he had the right-of-way and that Hilden's conduct caused the collision. As a result, Pilaczynski argued, Kline could not establish the elements of breach or causation. Kline responded that Pilaczynski breached a duty by driving at all, pointing to his own testimony that he was driving after midnight and carrying multiple nonrelative passengers under 20. She further argued that disputed facts existed regarding whether Hilden ran the stop sign, whether his headlights were off, and whether Pilaczynski had "admitted responsibility for the crash" by apologizing to Hilden's son afterward.

After oral argument, the trial court concluded that Kline had not presented evidence creating a genuine issue of material fact as to breach or causation, and it granted summary disposition in Pilaczynski's favor. This appeal followed.

## II. DISCUSSION

We review de novo a trial court's decision on a motion for summary disposition. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023). A motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a claim, is properly granted "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore

---

[1] Kline later amended her complaint to add a count of negligence against Hilden. That claim was dismissed without prejudice by stipulated order, and Hilden is not a party to this appeal.

entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016).

A party moving for summary disposition under MCR 2.116(C)(10) may satisfy its burden by "submitting affirmative evidence that negates an essential element of the nonmoving party's claim or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey*, 500 Mich at 7 (cleaned up). The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue of material fact. *Id*. A genuine issue of material fact exists when "reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Kandil-Elsayed*, 512 Mich at 110 (quotation marks and citation omitted).

"To establish a prima facie case of negligence, a plaintiff must introduce evidence sufficient to establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Latham by Perry v Nat'l Car Rental Sys, Inc*, 239 Mich App 330, 340; 608 NW2d 66 (2000) (quotation marks and citation omitted). Breach and causation are generally questions of fact for the jury, *id.*; *Patrick v Turkelson*, 322 Mich App 595, 616; 913 NW2d 369 (2018), unless there are no genuine issues of material fact, *Kandil-Elsayed*, 512 Mich at 112 n 2; *Patrick*, 322 Mich App at 616. Moreover, "when the moving party can show that an essential element of the nonmoving party's case is missing, or that the nonmoving party's evidence is insufficient to establish an element of its claim, summary disposition is properly granted . . . ." *Latham*, 239 Mich App at 340; see also *Rowland v City of Detroit*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 372120); slip op at 1 (emphasizing that when the undisputed record forecloses any genuine dispute, "it is the trial court's *obligation* under MCR 2.116(I)(1) to grant summary disposition").

Motorists owe a duty "to exercise ordinary and reasonable care and caution, that is, that degree of care and caution which an ordinarily careful and prudent person would exercise under the same or similar circumstances." *Rowland*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted). But, as *Rowland* explained, "the mere fact of an accident is not, in and of itself, proof of actionable negligence; a plaintiff must still identify actually negligent conduct to recover in tort." *Id.* at ___; slip op at 6. A plaintiff may establish breach by presenting evidence that the defendant's conduct fell below the standard of care, see *Kandil-Elsayed*, 512 Mich at 112, and "when a statute imposes a legal duty, violation of that statute creates a rebuttable presumption of negligence," *Randall v Mich High Sch Athletic Ass'n*, 334 Mich App 697, 721; 965 NW2d 690 (2020) (quotation marks and citation omitted). It remains, however, "a question of fact . . . whether the violation had a causal connection to the claimed injury." *Id.*

Here, the undisputed evidence shows that Pilaczynski had the right-of-way at the Portage-Lee intersection, while Hilden faced a stop sign and caused the collision by failing to yield. Kline admitted she was in the backseat with her eyes closed at the time of impact and did not know what caused it. The crash report reflects that Hilden acknowledged "running stop signs at intersections" and "turning off the headlights in the van at intersections so he could see any potential headlights from cross traffic." The responding officer confirmed that Hilden admitted "turning his headlights off and rolling through stop signs so that he could use the darkness to see oncoming or cross traffic headlights and make sure that his intersections were clear before proceeding through the stop

signs." Electronic data from Pilaczynski's vehicle, together with testimony from investigating officers, further established that Pilaczynski was not speeding and had the right-of-way.

Pilaczynski testified that he did not see Hilden's van until it entered the intersection at "full speed," several feet ahead of his own vehicle and illuminated by his headlights. He stated that he was alert, sober, and undistracted. Three passengers confirmed that his headlights were on, and a friend in a car behind Pilaczynski testified that he saw movement in Pilaczynski's headlights immediately before the crash. On this record, the trial court correctly concluded that no genuine issue of material fact existed as to breach or causation.

Kline first argues that Pilaczynski's violation of the terms of his Kentucky graduated driver's permit, see Ky Rev Stat § 186.450, together with MCL 257.626,[2] which she claims "prohibits reckless driving, including operating a vehicle without proper licensing," "may establish negligence per se." She submits that these violations "preclude[] an order that opines that the liability at bar is one[-]sided." We disagree.

To begin, Kline cites no authority holding that a violation of a Kentucky statute violates Michigan law or establishes negligence per se in a Michigan negligence action. While "Michigan law provides that when a statute imposes a legal duty, a violation of that statute creates a rebuttable presumption of negligence," *Randall*, 334 Mich App at 721 (quotation marks and citation omitted), Kline cites no case extending that principle to statutes from another state. Nor does she support her assertion that "operating a vehicle without proper licensing" constitutes reckless driving under MCL 257.626, which requires "willful or wanton disregard for the safety of persons or property," MCL 257.626(2). A litigant may not simply declare a position and leave the courts to "discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 406; 927 NW2d 717 (2018), quoting *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (quotation marks omitted).

Even assuming the permit violation under Ky Rev Stat § 186.450 or MCL 257.626 could create a presumption of negligence, "[a] violation of a statute does not establish negligence as a matter of law unless the violation is shown to be a proximate cause of the accident." *Haynes v Seiler*, 16 Mich App 98, 102; 167 NW2d 819 (1969). And here, Kline presented no evidence that Pilaczynski's violation was a proximate cause of the collision. To the contrary, the undisputed evidence establishes that Pilaczynski was attentive and not speeding, and that Hilden caused the collision by failing to yield. As *Rowland* underscores, the mere occurrence of a collision does not establish actionable negligence absent evidence of negligent conduct causing the injury. *Rowland*, ___ Mich App at ___; slip op at 5-6. What is more, although causation is often a question of fact, *Randall*, 334 Mich App at 721, Kline's failure to present evidence establishing the causation element of her negligence claim, *Latham*, 239 Mich App at 340, and the lack of any genuine issue

---

[2] In support of her statutory-violation arguments on appeal, Kline points only to Ky Rev Stat § 186.450 and MCL 257.626. We, therefore, have likewise limited our review of her claimed error.

of material fact as to causation relative to Pilaczynski, *Patrick*, 322 Mich App at 616, rendered summary disposition appropriate in this case.

Kline next contends that factual disputes exist as to whether Hilden's headlights were activated and whether he was speeding, citing testimony from Hilden's son. That argument is misplaced. Even if those disputes create questions of fact as to *Hilden's* negligence, they do not create a genuine issue as to *Pilaczynski's* negligence. The evidence is undisputed that Pilaczynski had the right-of-way, that Hilden faced a stop sign, and that Hilden failed to yield. Pilaczynski had no duty to yield to Hilden under those circumstances. See *Churukian v La Gest*, 357 Mich 173, 180; 97 NW2d 832 (1959).

Finally, Kline asserts that an affidavit from Hilden's son, in which he claimed that Pilaczynski apologized after the crash, creates a question of fact sufficient to survive summary disposition. It is true that "[s]tatements by a party which furnish a basis for an inference that he considers himself liable for negligence are properly permitted to be shown as an admission of liability." *Murner v Thorpe*, 284 Mich 331, 336; 279 NW 849 (1938). But "[t]o determine if a genuine issue of material fact exists, the test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994) (quotation marks and citation omitted).

Here, the undisputed evidence establishes that Pilaczynski had the right-of-way and that Hilden caused the collision by failing to yield. Kline has presented no evidence—or articulated any viable theory—of breach by Pilaczynski. Even crediting the affidavit testimony that Pilaczynski apologized, reasonable minds could not differ as to whether he breached a duty or whether any such breach caused Kline's injuries.

Because Kline failed to demonstrate a genuine issue of material fact as to breach or causation, the trial court correctly granted summary disposition.

Affirmed.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock